# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

KEDRICK DARON FLETCHER,     §
    §
      *Petitioner*,     §
    §
v.     §       CIVIL ACTION H-16-0617
    §
LORIE DAVIS,     §
    §
      *Respondent*.     §

### MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging his conviction and sentence for possession of a controlled substance with intent to deliver in a drug-free zone. Respondent filed a motion for summary judgment (Docket Entry No. 12), to which petitioner filed a response (Docket Entry No. 13).

Having reviewed the motion, the response, the record, the pleadings, and the applicable law, the Court GRANTS the motion for summary judgment and DISMISSES this case for the reasons that follow.

### *Background and Claims*

Petitioner was convicted of possession of a controlled substance with intent to deliver in a drug-free zone in Wharton County, Texas, and was sentenced to fifty years' incarceration, as enhanced. The conviction was affirmed on appeal, *Fletcher v. State*, No. 13-13-00444-CR, 2014 WL 354508 (Tex. App.–Corpus Christi 2013, pet. ref'd), and the

Texas Court of Criminal Appeals refused discretionary review.  Petitioner's application for state habeas relief was denied by the Texas Court of Criminal Appeals in March 2015.

Petitioner raises the following grounds for federal habeas relief:

(1)     The evidence is insufficient to support the conviction.

(2)     The trial court committed fundamental structural error by admitting the testimony of Detective Jason Mican.

(3)     Trial counsel was ineffective in

      a.     failing to consult with him;

      b.     failing to investigate;

      c.     failing to make an opening argument;

      d.     failing to prepare for trial;

      e.     failing to object to the prosecutor's inflammatory comments; and

      f.     failing to object to Detective Jason Mican's testimony.

(4)     The trial court abused its discretion in denying a continuance.

Respondent argues that these claims are without merit, and that the sufficiency challenge has been procedurally defaulted.

### *Factual Background*

The intermediate state court of appeals set forth the following statement of facts in its opinion affirming petitioner's conviction.

Detective Mican, a narcotics task force officer who conducted a raid at a hotel on a "no-knock" search warrant, testified that he was the first person to enter the hotel room on the night Fletcher was arrested.  Detective Mican testified that he hit or "rammed" the door and yelled, "Search warrant, police, get down, search warrant."  According to Detective Mican, he immediately saw Fletcher who "stood up from the bed and raised his arms up into the air," letting go of something in his hand – a bag of marihuana that hit Detective Mican on the chest and fell to the ground.  When he stood, Fletcher was between the bed and a couch where two other occupants of the room were seated.  Detective Mican described the hotel room.  In addition to the hotel furnishings, there were a number of items on top of the bed, which he identified from pictures that were admitted as trial exhibits.  According to Detective Mican, the following items were on the bed only inches away from Fletcher:  (1) two pillows; (2) a purse; (3) a box of "Swisher Sweets," which he described as cigar-cigarettes; (4) a clear plastic baggie containing crack cocaine; (5) two clear plastic baggies containing cocaine in its powder form; (6) a lighter; and (7) baking soda.  Detective Mican also identified a glass crack pipe that was found on the couch and a clear plastic bag of marihuana in an open dresser drawer.

*Fletcher*, at *1.

### *The Applicable Legal Standards*

*Habeas Review*

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  28 U .S.C. § 2254.  Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court.  *Harrington v. Richter*, 562 U.S. 86, 98–99 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2).  A state court

decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id*. at 411. "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Richter*, 562 U.S. at 102. As stated by the Supreme Court in *Richter*,

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.

*Id.*, at 102–03 (emphasis added; internal citations omitted).

The AEDPA affords deference to a state court's resolution of factual issues.  Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding.  *Miller–El v. Cockrell*, 537 U.S. 322, 343 (2003).  A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Miller–El*, 537 U.S. at 330–31.

*Summary Judgment*

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact.  *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings.  Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed

facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must be accepted as correct by the federal habeas court. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

*State Habeas Proceedings*

Petitioner's application for state habeas relief was overruled by operation of law at the state trial court level. The Texas Court of Criminal Appeals subsequently remanded the habeas case back to the trial court with the following order:

> The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

(Docket Entry No. 11-16, p. 8.) The Texas Court of Criminal Appeals expressly stated that it reviewed petitioner's other habeas claims and found them to be without merit. *Id.*, n. 1.

On habeas remand, trial counsel filed an affidavit with the state trial court, testifying that, "Prior to trial in the case herein, I investigated the Drug Free Zone allegation and I found that the allegations could be proven by the evidence. I thoroughly communicated same with [petitioner]. I was unable to object to the amended indictment because there were no grounds." *Id.*, p. 13.

6

The state trial court entered findings of fact and conclusions of law overruling petitioner's two claims for ineffective assistance of trial counsel and found that counsel provided petitioner reasonably effective assistance of counsel. *Id.*, pp. 14–18.

### No Evidence Claim

Petitioner did not challenge the sufficiency of the evidence on direct appeal. In his application for state habeas review, he claimed that there was no evidence to support the conviction. The Texas Court of Criminal Appeals expressly found that petitioner's claim was without merit. (Docket Entry No. 11-16, p. 8 n.1.) Petitioner re-urges this "no evidence" argument in his federal habeas petition.

Respondent contends that the issue is procedurally barred. In support, she argues that, "While the trial court did not expressly apply a procedural bar to Fletcher's claims, under *Grigsby*, the denial of Fletcher's state application by the CCA was a decision by that Court that Fletcher's sufficiency-of-evidence claim is not cognizable in state habeas proceedings." (Docket Entry No. 12, p. 11.)

In *Grigsby*, the Texas Court of Criminal Appeals held that, "where an applicant challenges the sufficiency of the evidence on an application for a writ of habeas corpus, and we subsequently dispose of the application by entering a denial without written order, the applicant's sufficiency claim was denied because the claim is not cognizable." *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004). Texas courts have consistently held that claims of sufficiency of the evidence must be raised on direct appeal and are not

cognizable in post-conviction writs of habeas corpus.  *See Ex parte McLain*, 869 S.W.2d 349,

350 (Tex. Crim. App. 1994) (holding evidentiary sufficiency claims are not cognizable in

post-conviction collateral attacks); *West v. Johnson*, 92 F.3d 1385, 1389 n. 18 (5th Cir. 1996)

(recognizing this legal principle under Texas law).

Acknowledging that *Grigsby* would hold true for a sufficiency challenge, petitioner

argues that he is relying on an exception carved out by the Texas Court of Criminal Appeals

for *no-evidence* habeas claims.  Petitioner directs the Court to *Ex parte Perales*, wherein the

Texas Court of Criminal Appeals held that,

> It is well settled that a challenge to the sufficiency of the evidence is not
> cognizable on an application for a post-conviction writ of habeas corpus.  *Ex
> parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004).  However, *a
> claim of no evidence is cognizable* because "[w]here there has been no
> evidence upon which to base a conviction, a violation of due process has
> occurred and the conviction may be attacked collaterally in a habeas corpus
> proceeding."  *Ex parte Coleman*, 599 S.W.2d 305, 307 (Tex. Crim. App.
> 1978).  If the record is devoid of evidentiary support for a conviction, an
> evidentiary challenge is cognizable on a writ of habeas corpus.

215 S.W.3d 418, 419–20 (Tex. Crim. App. 2007) (emphasis added).  *See also Ex Parte*

*Knight*, 401 S.W.3d 60, 64 (Tex. Crim. App. 2013) ("Because our jurisdiction is limited to

review for any evidence rather than for sufficient evidence, we must deny the application if

there is any evidence to support application of the mandatory-cumulation provision.").

In raising his no-evidence claim on state collateral review, petitioner argued as

follows:

> There was NO EVIDENCE adduced at trial that would support his conviction beyond a reasonable doubt of possession of a controlled substance with intent to deliver. There was NO EVIDENCE that support that [petitioner] had actual care, custody, control or management of the drug found in the hotel room, to which Dornisha Washington took full responsibility and stated in her affidavit that [petitioner], Jeffrey King and Audrey Gebara had nothing to do with, because they were just visiting her at the hotel.  No fingerprints, DNA testing was done to prove beyond a reasonable doubt that Applicant had actual care, custody, control or management of the drugs.

(Docket Entry No. 11-18, p. 50, original emphasis.)  Petitioner's no-evidence claim in the instant proceeding limits his argument to the following:

> There is NO EVIDENCE to support petitioner's conviction beyond a reasonable doubt to the actual care, custody, and control or management of the controlled substance in which Dornisha Washington's affidavit claimed full responsibility for the drugs being hers, with drugs being found on her, and motel room in which drugs were found was registered to her.

(Docket Entry No. 1, p. 6, original emphasis.)

In order to obtain habeas relief on this ground, petitioner must show that, "upon the record evidence adduced at the trial, no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 324 (1979).  The evidence is viewed in the light most favorable to the prosecution, *id*. at 319, and the essential substantive elements of the criminal offense are established by the state's criminal law.  *Id*. at 324 n.16; *Hughes v. Johnson*, 191 F.3d 607, 619 (5th Cir. 1999).  The Texas Court of Criminal Appeals expressly found that petitioner's no-evidence claim (along with other claims) had no merit.  Consequently, under AEDPA, petitioner must establish that the state court's denial of habeas relief on this ground was an unreasonable application of *Jackson*.

9

The record in this case shows that a rational trier of fact could have found proof of petitioner's guilt beyond a reasonable doubt.  When narcotics officers raided the hotel room, petitioner stood up from the bed with his arms up and dropped a baggie of marijuana.  Baggies of cocaine were located on the bed only inches away from him, along with a lighter, baking soda, and other items.  Petitioner argues that, because Washington stated in her affidavit that the hotel room and drugs were hers, petitioner could not be found guilty of possessing or controlling the illegal substances.  Petitioner is incorrect.  The affidavit was introduced into evidence by the State during its case in chief, and the jury was free to believe or disbelieve the contents of the affidavit.  *See Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000) (holding that a jury is free to accept or reject any and all of the evidence presented by either side).  Contrary to petitioner's argument, Washington's affidavit did not absolve him of criminal liability nor was the jury obligated to accept its content as true.

Here, the State's evidence, viewed in the light most favorable to the prosecution, was more than sufficient to permit a rational jury to find petitioner guilty of the criminal charges. *Jackson*, 443 U.S. at 318.  Petitioner has not shown that the state court's denial of his no-evidence claim was an unreasonable application of clearly established federal law, and habeas relief is unwarranted.

### *Structural Error*

Petitioner next complains that the trial court committed fundamental structural error by admitting the testimony of Detective Jason Mican. At trial, the State elicited the following testimony from Mican, without objection from petitioner:

Q. Well, were all three suspects arrested?

A. Yes, they were.

Q. Were they all arrested for possession of that cocaine?

A. Yes, they were.

Q. Based on your training and experience and what you saw that night, is there any doubt in your mind that all three are responsible and had control over that cocaine?

A. No doubt.

*Fletcher*, at *1.

In rejecting petitioner's claim on direct appeal, the intermediate state court of appeals held as follows:

By his second issue, Fletcher argues, in the alternative, that the trial court's error constituted fundamental structural error, and, even without objection, we should address his appellate issue. *See Arizona v. Fulminante*, 499 U.S. 279, 309–10 (1991) (explaining that only in the case of fundamental or structural error is an unobjected-to error preserved for appeal); *Rey v. State*, 897 S.W.2d 333, 344–45 (Tex. Crim. App. 1995) (same). However, we conclude below that the trial court did not err in admitting the complained-of testimony, and, without error, the premise of this argument fails.

*       *       *       *

Regarding the admission of evidence, Fletcher generally cites authority for the propositions that no witness may voice an opinion as to guilt or innocence, *see Boyde v. State*, 513 S.W.2d 588, 590 (Tex. Crim. App. 1974), that the intent of the defendant is a fact question to be determined by the jury from all the facts and circumstances of the evidence, *see Hemphill v. State*, 505 S.W.2d 560, 562 (Tex. Crim. App. 1974), and that the testimony of any witness regarding state of mind of another is pure speculation and, therefore, incompetent. *See Steve v. State*, 614 S.W.2d 137, 139 (Tex. Crim. App. 1981). We find Fletcher's argument unpersuasive.

Detective Mican's testimony was based on his observations of what took place contemporaneously to the offense. When such an opinion is drawn from the witness's own experiences or observations, as in this case, it is proper. *See Osbourn v. State*, 92 S.W.3d 531, 535 (Tex. Crim. App. 2002) (explaining that a witness's testimony can include opinions, beliefs, or inferences as long as they are drawn from his or her own experiences or observations); *Fairow v. State*, 943 S.W.2d 895, 898–901 (Tex. Crim. App. 1997). Rule of [E]vidence 701 states that a non-expert "witness'[s] testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness'[s] testimony or the determination of a fact in issue." TEX. R. EVID. 701; *see Osbourn*, 92 S.W.3d at 535. And [R]ule of [E]vidence 602 provides that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." TEX. R. EVID. 602.

Detective Mican's personal knowledge of the matter, including details of his entry into the hotel room and what he saw upon his entry, formed the basis of his objective perception of events and his lay opinion testimony regarding the people in the motel room. *See id.* at R. 602 & R. 701; *Osbourn*, 92 S.W.3d at 535. This opinion summed up his testimony. It was a rational conclusion based on his personal knowledge and was helpful to the determination of a fact in issue. *See* TEX. R. EVID. 701; *Osbourn*, 92 S.W.3d at 535. Because the record supports the trial court's decision to admit Detective Mican's lay opinion testimony under [R]ule 701, a theory of law applicable in this case, we conclude the trial court did not abuse its discretion by denying any motion to exclude the testimony.

*Id.*, at *3.

The state court held that the complained-of evidence was not inadmissible under state law.  This is an issue arising solely under state law, and will not be reconsidered by this Court. The Fifth Circuit Court of Appeals has long made clear that federal courts do not sit as a "super" state supreme court in a habeas proceeding to review errors under state law.  *Cook v. Morrill*, 783 F.2d 593, 596 (5th Cir. 1986); *see also Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986) ("[F]ederal courts do not sit as courts of appeal and error for state court convictions").  Moreover, petitioner does not show that any federal constitutional right was violated by the presentation of Mican's evidence in absence of any objection by petitioner.

The state court rejected petitioner's claim.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record.  Respondent is entitled to summary judgment dismissal of this claim.

### *Ineffective Assistance of Trial Counsel*

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel.  U.S. CONST. amend. VI.  A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984).  To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance.

*Id.* at 687.   The failure to demonstrate deficient performance or prejudice is fatal to a *Strickland* claim.   *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness.   *Strickland*, 466 U.S. at 688.   In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy.   *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996).   To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.   *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992).   However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.   *Strickland*, 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694.   To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).   In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled.   *Id.*

The Supreme Court recently emphasized in *Richter* the manner in which a federal court is to consider an ineffective assistance of counsel claim raised in a habeas petition subject to AEDPA's limitations:

> The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard. Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States district court. Under AEDPA, though, it is a necessary premise that the two questions are different. For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law. A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself.

562 U.S. at 101 (internal quotation omitted).

In the context of reviewing claims of ineffective assistance, the Supreme Court and Fifth Circuit have directed federal habeas courts to exercise great caution to avoid the distorting effects of hindsight. *See Premo v. Moore*, 562 U.S. 115 (2011) ("In determining how searching and exacting their review must be, habeas courts must respect their limited role in determining whether there was manifest deficiency in light of information then available to counsel."); *Bell v. Cone*, 535 U.S. 685, 698 (2002) (confirming that judicial scrutiny of a counsel's performance must be highly deferential and that every effort must be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time).

Petitioner claims that trial counsel was ineffective in the following particulars.

*Failure to consult, investigate, and prepare for trial*

Petitioner claims that trial counsel was ineffective in failing to consult with him, investigate the case, or prepare for trial.

Petitioner's allegations are speculative and conclusory.  Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value.  *Ross v. Estelle*, 694 F.2d 1008, 1011–12 (5th Cir. 1983).  A speculative or conclusory allegation does not raise a constitutional issue in a habeas proceeding and is subject to summary dismissal.  *Koch v. Puckett*, 907 F.2d 524, 529 (5th Cir. 1990).

Additionally, to prevail on an ineffective assistance claim based on counsel's failure to investigate or call a witness, a petitioner "must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense."  *Day v. Quarterman*, 566F.3d 527, 538 (5th Cir. 2009).  Complaints based upon uncalled witnesses are not favored because the presentation of witness testimony is essentially trial strategy and thus within defense counsel's domain, and speculations as to what the witnesses would have testified is too uncertain.  *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985).

To prevail on his claims here, petitioner must direct the Court to probative evidence in the record of how the defense would have benefitted from counsel's additional communicating or consulting with petitioner, investigating, or preparing for trial. Petitioner must also establish clearly in the record that, but for counsel's failure to undertake the additional communication, consultation, investigation, or preparation, there is a reasonable probability that the results of the trial would have been different. Because petitioner presents only speculative and conclusory allegations of deficient performance and actual prejudice, he falls well short of meeting his burdens of proof.

The state court on collateral review rejected petitioner's claims of ineffective assistance of counsel. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of these claims.

*Failure to make an opening argument*

Petitioner complains that trial counsel did not make an opening statement at the commencement of trial. His argument presents no basis for federal habeas relief.

The decision to present or defer an opening statement is a matter of trial strategy. *Gilliard v. Scroggy*, 847 F.2d 1141, 1147 (5th Cir. 1988). Petitioner fails to demonstrate that counsel's decision was unreasonable trial strategy. Moreover, petitioner fails to show that, but for counsel's decision to forego an opening statement, there is a reasonable probability

that the results of the trial would have been different.  *See United States v. Stedman*, 69 F.3d 737, 740 (5th Cir. 1995).  Petitioner establishes neither deficient performance nor actual prejudice under *Strickland*, and habeas relief is unwarranted.

The state court on collateral review rejected petitioner's claims of ineffective assistance of counsel.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  Respondent is entitled to summary judgment dismissal of this claim.

*Failure to object to prosecution's comments*

Petitioner next claims that counsel should have objected to "inflammatory comments" made by the prosecution during closing argument:

> What was found inside Ms. Gebara's bra?  Crack cocaine.  What was found sitting next to the defendant?  Fifty dollars.  What does that represent?  Represents a transaction.  Ms. Gebara got this cocaine from the defendant and paid $50.00. . . .  The State is alleging, and we believe we've proven it beyond a reasonable doubt, that defendant sold this amount of crack to Ms. Gebara.

(Docket Entry No. 11-11, p. 146.)

Petitioner fails to show that these closing argument statements were improper under state law and that, had counsel objected, the objection would have been sustained.  Nor does petitioner establish that, but for counsel's failure to object, there is a reasonable probability that the results of the trial would have been different.  Petitioner fails to meet his burden of proof under *Strickland*.

18

The state court on collateral review rejected petitioner's claims of ineffective assistance of counsel.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  Respondent is entitled to summary judgment dismissal of this claim.

*Failure to object to testimony*

Petitioner complains that trial counsel failed to object to the prosecution's eliciting the following testimony from witness Mican:

> Q.   Well, were all three suspects arrested?
>
> A.   Yes, they were.
>
> Q.   Were they all arrested for possession of that cocaine?
>
> A.   Yes, they were.
>
> Q.   Based on your training and experience and what you saw that night, is there any doubt in your mind that all three are responsible and had control over that cocaine?
>
> A.   No doubt.

*Fletcher*, at *1.

Petitioner presented this claim of ineffective assistance to the intermediate state court of appeals on direct appeal.  The court rejected petitioner's argument, as follows:

> By his third issue, Fletcher argues that his trial counsel provided ineffective assistance based on his failure to object to Detective Mican's lay opinion testimony relating to Fletcher's possession of the cocaine. The State responds that counsel was not ineffective for not objecting because the testimony was

19

permissible lay opinion based on the witness's perceptions and because it was helpful to the jury to understand his testimony or to determine a fact issue. We agree with the State.

*Fletcher*, at *2. The state court found the complained-of testimony admissible under state law, and this Court will not re-examine the state court's determination of state law. Because the testimony was admissible, counsel was not ineffective in failing to object.

The state court rejected petitioner's claims of ineffective assistance of counsel. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

### *Denial of a Continuance*

Petitioner contends that the trial court abused its discretion in denying his motion for continuance the morning of trial. Petitioner told the trial court that he did not feel comfortable going to trial with his retained counsel because they had not adequately talked about the case.

In rejecting petitioner's claims for ineffective assistance of trial counsel, the state trial court made the following findings of fact applicable to the continuance issue:

2. Don Hecker represented Applicant during pretrial and trial proceedings. Don Hecker has represented defendants in this Court for many years. Don Hecker has a reputation for providing clients with excellent representation before this court and many others.

\*   \*   \*   \*

6.      Hecker appeared in court with Applicant in May and June of 2013. Applicant never raised a concern that his attorney was not communicating with him or investigating his case.

\*   \*   \*   \*

10.     Applicant appeared in court with counsel on June 10, 2013 for a pretrial conference.  No contested motions were presented.  Applicant did not express any concern that he was having difficulty communicating with trial counsel or that trial counsel was not investigating his case.  Trial was set to commence on June 24, 2013.

11.     This Court granted a motion for continuance on June 21, 2013.  Trial was set to commence on July 29, 2013.

12.     Trial did, in fact, commence in this cause on July 29, 2013.

13.     Prior to the beginning of voir dire, the Court discussed various matters on the record in chambers with Applicant and the attorneys for both sides.

\*   \*   \*   \*

15.     Applicant's trial counsel presented the court with another motion for continuance, which this Court denied.

16.     Applicant requested the Court allow him to fire Don Hecker as his [retained] attorney.  The Court denied Applicant's request.

17.     Applicant also addressed the court in chambers before voir dire. Applicant addressed the court concerning his dissatisfaction with Hecker's representation.  Applicant made various claims in support of a continuance about Hecker's failure to communicate prior to trial. Applicant also tried to fire Hecker from representing him when the motion for continuance was denied.

18.     The Court evaluated Applicant's testimony, tone and demeanor and found that Applicant's statements were not credible in light of the fact that Applicant had previously appeared in court with Hecker on multiple

occasions without ever raising any concern over a lack of communication or investigation.

19.   The Court reminded Applicant that he had been advised in court that his case would be tried before a jury on July 29, 2013, and that one continuance had already been granted.  Applicant had retained Hecker, and had been out of jail on bond pending trial.

20.   Applicant had never before complained about Hecker.  Applicant had appeared in court alongside Hecker on several occasions.  Applicant waited until the day of trial to first raise any claim that Hecker had not communicated with him.

21.   This Court interpreted Applicant's eleventh hour complaints to be an attempt to further delay trial.

22.   This Court advised Applicant that Hecker would do a better job presenting Applicant's defense than Applicant would himself. Applicant agreed that Hecker would do a better job.

(Docket Entry No. 11-16, pp. 15–16, record citations omitted).  The state trial court also made

the following relevant conclusion of law:

25.   Applicant did not clearly and unequivocally waive his right to counsel and assert his right to self-representation at any time.

*Id.*, p. 17.  The Texas Court of Criminal Appeals relied on the state trial court's findings of

fact and conclusions of law in denying habeas relief.  *Id.*, cover.

"When a denial of a continuance is the basis for a habeas petition, the petitioner must

show an abuse of discretion that was so arbitrary and fundamentally unfair as to violate the

constitutional principles of due process.  Accordingly, to prevail, a petition must show that

the failure to grant a continuance harmed the defense."  *Newton v. Dretke*, 371 F.3d 250, 255

(5th Cir. 2004) (citation omitted); *Schrader v. Whitley*, 904 F.2d 282, 288 (5th Cir. 1990) ("If

abuse of discretion is demonstrated [concerning the denial of a motion for continuance], the [habeas] petitioner must sustain the burden common to due process claims that 'there is a reasonable probability that the verdict might have been different had the trial been properly conducted.'").

As shown by its findings of fact, the trial court did not find petitioner's statements credible and was of the opinion that his last-minute request for a continuance was "an attempt to further delay trial."   Petitioner's conclusory and speculative assertions of harm are unsupported by probative evidence in the record and are insufficient to preclude the granting of summary judgment.   Nor does petitioner show that the trial court's denial of a last-minute continuance was so arbitrary and fundamentally unfair as to constitute a due process violation. The state court's determination was not contrary to, or an unreasonable application of, clearly established federal law, and habeas relief is unwarranted.

### *Conclusion*

The motion for summary judgment (Docket Entry No. 12) is GRANTED and this habeas lawsuit is DISMISSED WITH PREJUDICE.   Any and all other pending motions are DENIED AS MOOT.   A certificate of appealability is DENIED.

Signed at Houston, Texas on March 17, 2017.

Gray H. Miller
United States District Judge

23